# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 20-10192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SABRINA ALEXANDER WEIGHTMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-337-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sabrina Alexander Weightman appeals the judgment on revocation of her supervised release, arguing for the first time on appeal that the district court erred by applying 18 U.S.C. § 3583(g). That statute makes revocation of supervised release mandatory when a defendant violates the conditions of supervised release by unlawfully possessing a controlled substance. Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019), Weightman contends

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Section 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial, which requires proof beyond a reasonable doubt. Weightman concedes that her plain-error challenge is foreclosed under *United States v. Badgett*, 957 F.3d 536 (5th Cir. 2020), but she raises the issue to preserve it for further review.

The Government has filed an unopposed motion for summary affirmance, alternatively requesting an extension of time to file its brief. Summary affirmance is proper when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Supreme Court held in *Haymond* that revoking supervised release and imposing mandatory minimum sentence pursuant to 18 U.S.C. § 3583(k), based on judge-made findings by a preponderance of the evidence, violated due process and the right to a trial by jury. *See Haymond*, 139 S. Ct. at 2378–83. Unlike Section 3583(k), which mandates a minimum of five years for certain offenses such as possession of child pornography, Section 3583(g) does not provide for a mandatory minimum sentence based on judge-found facts. *See* § 3583(g), (k). Further, the *Haymond* plurality emphasized that its decision was limited to Section 3583(k). *See Haymond*, 139 S. Ct. at 2382 n.7, 2383. In *Badgett*, we held that because *Haymond* had not been extended to Section 3583(g) revocations, the district court did not commit clear or obvious error in applying the statute. *See Badgett*, 957 F.3d at 540–41.

The Government's motion for summary affirmance is GRANTED, and its alternative motion for extension of time is DENIED. The judgment of the district court is AFFIRMED.